Brian J. Brazier (SBN:245004)
**Price Law Group, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
Tel: 818-600-5566
Brian@pricelawgroup.com
*Attorney for Plaintiff,*
*Manvel Gasparyan*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MANVEL GASPARYAN,

    Plaintiff,

vs.

ADMIN RECOVERY, LLC,

    Defendant.

**Case No.:**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Manvel Gasparyan ("Plaintiff"), through his attorneys, alleges the following against Defendant, Admin Recovery, LLC. ("Defendant").

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

2. Count II of the Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. 1692k(d).

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Tujunga, Los Angeles County, California.

7. Plaintiff is a consumer as defined by *Cal. Civ. Code § 1788.2(h)* and 15 U.S.C. § 1692a(3).

8. Defendant is a servicer of unsecured consumer debt with its headquarters located in Williamsville, New York and regularly transacts business throughout the United States and California. Defendant may be served with process at 45 Earhart Drive, Suite 102, Williamsville, New York 14221.

9. Defendant engages in the practice of debt collection. Therefore Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and *Cal. Civ.*

*Code §1788.2(c)*, and Defendant sought to collect a consumer debt from Plaintiff.

10. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" under the FDCPA, 15 U.S.C. § 1692a(5), and qualifies as a "consumer debt" as defined by the RFDCPA, *Cal. Civ. Code §1788.2(f)*.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff.

12. On or about August 2017, Defendant began placing calls to Plaintiff's cellular phone number 818-383-8715, in an attempt to collect an alleged debt.

13. The calls came from telephone number (866) 703-7961, among other telephone numbers; upon information and belief these numbers are owned or operated by Defendant.

14. Defendant left a message for Plaintiff on his cellular phone without disclosing their identity or properly stating that the call was from a debt collector and any information obtained would be used for that purpose.

15. Defendant's message stated that it was Plaintiff's "last and final opportunity" and required a call back by 6pm that same day.

16. Plaintiff's native language is not English, and, because of the voice message, Plaintiff was intimidated and frightened.

17. The calls also affected Plaintiff's nerves, altering his sleeping patterns. To calm himself, he took valerian root to help his stress and sleep.

18. The conduct was not only willful but done with the intention of causing Plaintiff such distress and to induce him to pay the debt.

19. Due to Defendant's conduct, Plaintiff has sustained actual damages, including but not limited to, emotional and mental pain and anguish.

## COUNT I

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

20. Plaintiff incorporates herein by reference all of the above paragraphs of the complaint as though fully set forth herein at length.

    Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    (a)    Defendant violated CAL. CIV. CODE § 1788.10(f) by threatening to take any action against the debtor which is prohibited by this title; and

    (b)    Defendant violated CAL. CIV. CODE § 1788.11(b) by placing telephone calls without disclosure of the caller's identity, providing that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents; and

    (c)    Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

        (i)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive or misleading representation or means in connection with the collection of any debt; and

        (ii)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

21. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

## COUNT II
### (Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)

23. Plaintiff incorporates herein by reference all of the above paragraphs of the complaint as though fully set forth herein at length.

24. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

25. Defendant violated provisions of the FDCPA, including but not limited to, the following:
    a. Defendant violated §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken; and
    b. Defendant violated §1692e(11) by failing to disclose in all communications that the communication is from a debt collector.

26. As a result of the above violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages of up to $1,000 and attorney's fees and costs.

**WHEREFORE**, Plaintiff, Manvel Gasparyan, respectfully requests judgment be entered against Defendant, Admin Recovery, LLC, for the following:
   A. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Cal. Civ. Code §1788.30(b);
   B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civ. Code §1788.30(a);

1      C. Costs and reasonable attorneys' fees pursuant to the Cal. Civ Code §
2          1788.30(c) and 15 U.S.C. § 1692k(a)(3);
3      D.  Any other relief that the Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

//

//

RESPECTFULLY SUBMITTED,

                        **Price Law Group, APC**

Dated: August 3, 2018         By: */s/ Brian J. Brazier*

                                Brian J. Brazier (SBN:245004)
                                8245 N. 85th Way
                                Scottsdale, AZ 85258
                                Tel: 818-600-5566
                                Brian@pricelawgroup.com
                                *Attorney for Plaintiff,*
                                *Manvel Gasparyan*